IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,586-01






EX PARTE RUDY LOPEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F91-44984-R IN THE 265TH DISTRICT COURT


FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to life imprisonment. The Fifth Court of Appeals affirmed his conviction.
Lopez v. State, No. 05-93-01706-CR (Tex. App.-Dallas, July 28, 1994, no pet.).

 Applicant pleaded guilty and was placed on deferred adjudication probation. After violating
a condition of probation, he was adjudicated guilty and sentenced to life imprisonment. He contends
that he was denied due process because his sentence was prejudged. See Ex parte Brown, 158
S.W.3d 449 (Tex. Crim. App. 2005). The trial court has entered findings of fact and conclusions of
law and recommended that we deny relief. We believe, however, that the record is not sufficient to
resolve Applicant's claim. Accordingly, the trial court shall determine whether there is evidence in
the reporter's record indicating that the trial judge stated that he would sentence Applicant to life if
he violated a condition of probation. If there is such evidence in the reporter's record, the trial court
shall also obtain an affidavit from the trial judge. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall then make further findings of fact as to whether Applicant was denied
due process because his sentence was prejudged. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: October 1, 2008

Do not publish